UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW PIERCE<br>36 Boyden Street<br>Susquehanna, PA 18847<br><br>      Plaintiff,<br><br>v.<br><br>MONRO, INC. d/b/a MR. TIRE<br>200 Holleder Parkway<br>Rochester, NY 14615<br><br>      Defendants | JURY DEMANDED<br><br>No. |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, MATTHEW PIERCE (hereinafter "Plaintiff") is an adult individual and Canadian citizen residing at the above address. Defendant is a citizen of Pennsylvania.

2. Defendant, MONRO, INC. (hereinafter "Defendant") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a corporate headquarters at the above captioned address. Defendant is a citizen of Pennsylvania.

3. At all times relevant herein, Defendant is an "employer" of Plaintiff within the meaning of the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act and the Pennsylvania Wage Payment and Collection Law.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under the laws of the United States, specifically, the FLSA. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendants reside in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**II. Operative Facts.**

6.      In or around January of 2019, Defendant hired Plaintiff as a technician, working out of their location at 116 Erie Street, Great Bend, Pennsylvania, 18821.

7.      Defendant is an employer covered by the record-keeping minimum wage, wage payment and overtime pay mandates of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act or the Pennsylvania Wage Payment and Collection Law.

8.      Plaintiff's rate of pay was $10.00 per hour flat rate, with a $20.00 per hour productivity rate.

9.      On or about September 11, 2019, as he had secured a position with higher pay, Plaintiff submitted a letter of resignation to Defendant and stating his last day of work would be September 25, 2019.

10.     Defendant offered Plaintiff a raise of $13.23 per hour flat rate and $23.00 per hour productivity rate if he would stay in his position.

11.     Plaintiff accepted and remained in his employment with Defendant.

12.     Following this, Plaintiff's next paycheck was calculated at his previous rates of pay.

13.     Plaintiff reached out to Defendant's supervisor Dennis and district manager Brian asking why he was still being paid at his previous pay rate.

14. Plaintiff was told that Defendant would speak with human resources and determine what was going on.

15. Over the next four (4) months, Plaintiff worked from approximately 8:00am to 6:00pm at his previous rate of pay.

16. On or about January 7, 2020, Plaintiff resigned from his position with Defendant as a result of having never received his promised pay raise nor overtime pay.

17. For the time period of September 11, 2019 to January 7, 2020, Plaintiff is owed wages calculated at his promised higher rate of pay.

18. Additionally, throughout his employment, Plaintiff would work overtime hours but was not paid overtime pay for these hours.

19. Throughout Plaintiff's employment with Defendant, Plaintiff was not an "exempt" employee as defined under the FLSA or the applicable Pennsylvania statutes.

20. As a direct and proximate result of Defendant's conduct in constructively terminating Plaintiff, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

### III. Causes of Action.

### COUNT I
### PROMISSORY ESTOPPEL
### (Pennsylvania State Law)

21. Plaintiff incorporates paragraphs 1-20 as if fully set forth at length herein.

22. As described above, Defendant misled Plaintiff to believe that he was to receive a higher rate of pay if he remained in employment.

3

23. As described above, Plaintiff reasonably relied on that statements and turned down another offer of employment for a higher rate of pay.

24. As a direct and proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

25. As a result of the conduct of Defendant's owners/management/employees, Plaintiff hereby demands punitive damages.

## COUNT II
### Violation of the Fair Labor Standards Act
### (Failure to Pay Overtime Compensation)

26. Plaintiff incorporates paragraphs 1-25 as if fully set forth at length herein.

27. At all times relevant herein, Defendant was an "employer" within the meaning of the FLSA.

28. At all times relevant herein, Defendant was responsible for paying wages to Plaintiff.

29. At all times relevant herein, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

30. Plaintiff was not an "exempt" employee for purposes of the overtime provisions of the FLSA.

31. Defendant failed to pay Plaintiff for hours he worked greater than forty (40) per workweek.

32.     Under the FLSA, an employer must pay an employee who is not exempt from the overtime provisions of law at least one and one-half times his base rate for each hour worked more than forty (40) hours per workweek.

33.     Defendant's violations of the FLSA include not paying Plaintiff any overtime pay for overtime hours spent above the forty hours Plaintiff each week.

34.     Defendant's conduct in failing to pay Plaintiff was willful and not based upon any reasonable interpretation of the law.

35.     As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

## COUNT III
### Violations of the Pennsylvania Minimum Wage Act,
43 P.S. § 333.101, *et seq.*

36.     Plaintiff incorporates paragraphs 1-35 as if fully set forth at length herein.

37.     The PMWA requires, pursuant to 43 P.S. § 333.104 that all employers pay their employees at least a minimum wage for all hours worked.

38.     The PMWA requires, pursuant to 43 P.S. § 333.104(c), that non-exempt employees be compensated at one and a half times their regular hourly rate of pay for all hours worked in excess of forty hours per week.

39.     At all times, Plaintiff was a non-exempt employee.

40.     By failing to pay Plaintiff the legally required minimum wage, less his regular hourly rate for all hours worked on Defendant's behalf, Defendant violated the PMWA.

41.     As a result of Defendant's violation of the PMWA, there is a sum due and owing from Defendant in an amount to be determined at trial.

42.     Defendant's violation of the PMWA was willful.

43. Defendant's conduct in failing to pay Plaintiff was willful and not based upon any reasonable interpretation of the law.

44. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

## COUNT IV
### Violation of the Wage Payment and Collection Law
### 43 P.S. § 260 et seq.

45. Plaintiff incorporates paragraphs 1-44 as if fully set forth at length herein.

46. At all times relevant hereto, Plaintiff was employed by Defendant within the meaning of the WPCL.

47. Pursuant to the WPCL, every employer shall pay all wages, other than fringe benefits and wage supplements, due to the its employees on regular paydays designated in advance by the employer.

48. By repeatedly and unjustifiably failing to pay Plaintiff the wages owed to him as alleged herein, Defendant has violated the WPCL.

49. Pursuant to the WPCL, any employee to whom any type of wage is payable may institute an action under the WPCL to recover unpaid wages, fringe benefits and liquidated damages as well as costs and reasonable attorneys' fees, in any court of competent jurisdiction for and on behalf of himself. 43 P.S. §§ 260.9a.260.10.

50. As a direct and proximate cause of Defendant's failure to pay wages, Plaintiff has suffered economic loss.

51. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages, including but not limited to economic loss, including but not limited to: lost

opportunity, lost future earning capacity, lost wages, lost benefits, great mental and emotional distress, pain and suffering and other damages to be claimed at the time of trial.

52. Defendant's aforementioned conduct willful and as such, Plaintiff is entitled to liquidated damages.

53. Based on Defendant's aforementioned conduct, Plaintiff makes a claim for attorneys fees and costs of suit.

## COUNT V
## FLSA--Retaliation
## (29 U.S.C.A. § 215(a)3)

54. Plaintiff incorporates paragraphs 1-53 as if fully set forth at length herein.

55. At set forth above, Plaintiff made a complaint about his wages, excessive hours and overtime, and as such, Plaintiff was engaged in protected activity under the Fair Labor Standards Act, 29 U.S.C.A. § 215(a)(3).

56. Defendant took adverse action against Plaintiff by constructively terminating his employment by refusing to address his complaints.

57. As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendant's decision to constructively terminate his employment.

58. As such, Defendant's decision to constructively terminate Plaintiff's employment is a retaliatory action prohibited by the Fair Labor Standards Act, 29 U.S.C.A. § 215(a)(3) Fair Labor Standards Act, 29 U.S.C.A. § 215(a)(3).

59. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff

also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

60. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

61. Pursuant to the Fair Labor Standards Act, 29 U.S.C.A. § 210 et seq., Plaintiff demands attorneys fees and court costs.

**V. Relief Requested.**

**WHEREFORE,** Plaintiff MATTHEW PIERCE demands judgment in his favor and against Defendant, MONRO, INC. d/b/a MR. TIRE in an amount not in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____
**BRIAN M. DOYLE, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102

Attorney for Plaintiff, Matthew Pierce

Date: 8/26/2021

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S § 4904, relating to unsworn falsification to authorities.

08/26/21
Date

Matthew Pierce